# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY F. TEICHMANN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:13-cv-458 |
| v. | ) | |
| | ) | Judge Mark R. Hornak |
| CASPIAN FLAT GLASS OJSC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Because the Court finds that service by email is facially permitted by Fed. R. Civ. P. 4(f)(3) and is reasonably calculated to notify the Defendant of this action, Plaintiff's Motion for alternative service is granted.

The decision of whether to allow alternative service of process under Rule 4 is committed to the district court's sound discretion. *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 4977944, at *3 (E.D. Pa. Dec. 7, 2010); *Marks v. Alfa Grp.*, 615 F. Supp. 2d 375, 379 (E.D. Pa. 2009).

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Under Rule 4(f)(3), a Court may direct service on an individual in a foreign country by any "means not prohibited by international agreement." The United States and the Russian Federation are both signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T.

361 ("Hague Service Convention").[1] However, the record demonstrates that the Central Authority of the Russian Federation denies all requests for service of process originating from the United States.

> In July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters. The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention or to execute letters rogatory requesting service of process transmitted via diplomatic channels.

U.S. Department of State, Russia Judicial Assistance, http://travel.state.gov/law/judicial/judicial_3831.html (last visited April 15, 2013). Moreover, "[w]hile the Department of State is prepared to transmit letters rogatory for service or evidence to Russian authorities via diplomatic channels, in the Department's experience, all such requests are returned unexecuted." *Id*; *see also* Russian Federation's Declarations Reservations, Part VIII, http://www.hcch.net/index_en.php?act=status.comment&csid=418&disp=resdn (last visited April 15, 2013).[2] Because it would be futile, Plaintiff need not first attempt service through the Hague Service Convention. *See also Arista Records LLC v. Media Servs. LLC*, No. 06 Civ. 15319, 2008 WL 563470, at *1-2 (S.D.N.Y. Feb. 25, 2008) (plaintiff need not first attempt service on Russian Defendant in accordance with the Hague Convention for service pursuant to Rule 4(f)(3) to be proper); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) *vacated on other grounds* (same).

---

[1] *See* Status Table for the Hague Service Convention,
http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited April 15, 2013).

[2] Part VIII states that "[t]he Russian Federation assumes that in accordance with Article 12 of the Convention the service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed. Collection of such costs . . . by any Contracting State shall be viewed by the Russian Federation as refusal to uphold the Convention in relation to the Russian Federation, and, consequently, the Russian Federation shall not apply the Convention in relation to this Contracting State."

The Court is also not aware of any international agreement or Russian law that prohibits service by email in this instance. *See In re Potash*, 667 F. Supp. 2d at 931 (service by email permissible under Russian law); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 08 CV 2593, 2008 WL 5100414, at \*2 (N.D. Ill. Dec. 1, 2008) ("The Hague Convention does not prohibit service by e-mail or facsimile."); *RSM Prod. Corp. v. Fridman*, No. 06 CIV. 11512 (DLC), 2007 WL 1515068, at \*2 (S.D.N.Y. May 24, 2007) (holding that because the Russian Federation objects to Article 10 of the Hague Convention, service through certified international mail or Federal Express International Priority mail is unavailable). Because there is no reason to believe that service would be effective if Plaintiff was required to serve Defendant in accordance with the Hague Convention or that service by e-mail would violate an international agreement, alternative service via e-mail pursuant to Rule 4(f)(3) is facially permitted.

Moreover, alternate service via email in this instance comports with constitutional notions of due process because the method of service in this case provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Courts have held that service via email comports with due process. *See In re Potash*, 667 F. Supp. 2d at 930-31 (service via email to Russian Defendants was "appropriate" under Rule 4(f)(3)); *Rio Props.*, 284 F.3d at 1016-19 (service via email proper). Plaintiff purports, and the record indicates, that the parties "have repeatedly utilized [email] in the past to communicate with each other." ECF No. 4 at 9; ECF Nos. 1-4, 1-6, 1-9 (correspondence between the parties utilizing email and in which Defendant proffers an email address as a part of its contact information). Plaintiff also seeks to serve on Defendant the

Summons and Complaint in both English and Russian. *See also* Commercial Contract between Evrosteklo and HFT, ECF No. 1-2, Article 6.3 ("The working language under this Contract is English."). Thus, the Court finds that the method of service is reasonably calculated to apprise Defendant of the pendency of the action and affords it the opportunity to respond.[3]

Therefore, Plaintiff's Motion for alternate service via email on Defendant is granted. An appropriate order will follow.

_____
Mark R. Hornak
United States District Judge

Dated: April 16, 2013

cc: All counsel of record

---

[3] Plaintiff proffers that e-mail may be the only method of service available to him because Plaintiff has been unable to identify an attorney for Defendant in the United States or a working fax number for Defendant. ECF No. 4 at 8. As noted above, service via regular mail is also unavailable.

4